### SAMUEL GRAYDON v. THEODORE STONE.

A sheriff has no right to withhold from the plaintiff money collected by him *colore officii*, under an execution issued out of a wrong court.

When with full knowledge of the error, and while in custody under an attachment, founded on the execution, the sheriff promised to pay the money to the plaintiff, his discharge from custody was held a sufficient consideration for the promise.

THE plaintiff recovered a judgment in this court against his debtor, and issued an execution to Erie county, which, by

mistake, was issued out of the common pleas. No transcript was filed in Erie, but the defendant, as sheriff of that county, collected the money on the execution. He was ruled to return the execution, but omitting to do so, an attachment was issued against him, and after his arrest he paid part of the money, and agreed with the plaintiff, that if he would discontinue the proceedings on the attachment, he would pay the balance of the money at a specified time. At the time of this arrangement the error had become known to both parties, and the defendant was released from custody.

For that balance this suit was brought, and a verdict was taken, subject to the opinion of the court.

*The Circuit Judge:* I am of opinion that the plaintiff is entitled to recover. The money was collected by the defendant, *colore officii*, and he has no right to withhold it from the plaintiff. (*People* v. *Dunning*, 1 Wend. 16; *Walden* v. *Davison*, 15 id. 575.) Having treated the process as valid, for the purpose of collecting the money for the plaintiff, from his debtor, he cannot now have a right to treat it as invalid, and withhold the money from the plaintiff.

Besides, with a full knowledge of the error, and when he was in custody on the attachment, from which, on the principle of *People* v. *Dunning*, he could not have been discharged, he promised to pay the money. His collection of the money, and the agreement of the plaintiff to discharge him from custody, constitute an abundant consideration for his promise, and it must be performed.

Judgment for the plaintiff.